<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

      [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
                United States Court of Appeals
                    For the First Circuit

Nos. 98-1311
    98-2219

                         UNITED STATES,

                           Appellee,

                               v.

                  FELIX J. GONZALEZ-DEL-VALLE,

                     Defendant, Appellant.

         APPEALS FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

        [Hon. Daniel R. Domnguez, U.S. District Judge]

                             Before

                   Selya, Boudin and Lynch,
                       Circuit Judges.
                                
                                
                                
                                
    J. Whitfield Larrabee and Rafael Anglada-Lopez on briefs for
appellant.
    Guillermo Gil, United States Attorney, Jorge E. Vega Pacheco,
Assistant United States Attorney, Jose A. Ruiz-Santiago, Assistant
United States Attorney, and Nelson Perez-Sosa, Assistant United
States Attorney, on briefs for appellee.

June 10, 1999

 
           Per Curiam.  Defendant-appellant Felix J. Gonzalez
del Valle appeals from the district court's determination that
no excess time was served on previous federal sentences and its
denial of Gonzalez' request that his sentence be reduced
(Appeal No. 98-2219).  We have carefully reviewed the record,
including the documentation of Gonzalez' prior federal
sentences.  We conclude that the district court did not err in
declining to modify Gonzalez' sentence.
           On appeal, Gonzalez argues that he is entitled to
thirteen months' credit for time served in excess of the
sentence imposed in Case No. 88-009.  This is a new argument,
not raised before the district court.  Therefore, the plain
error standard of review applies. See United States v. Olivier-
Diaz, 13 F.3d 1, 5 (1st Cir. 1993).  "Where the error that
defendant asserts on appeal depends upon a factual finding the
defendant neglected to ask the district court to make, the
error cannot be 'clear' or 'obvious' unless the desired factual
finding is the only one rationally supported by the record
below." Id.  That standard is not met here.
           Gonzalez claims that his present sentence should be
reduced by four months for time that he spent in a half-way
house following his release on parole.  The record reveals,
however, that it was a condition of Gonzalez' parole that he
spend the first four months of supervision residing at a half-
way house.  The governing statute specifically authorized such
a condition. See 18 U.S.C.  4209(c)(1).   
           Gonzalez also claims entitlement to nine months'
credit for time that lapsed between the execution of the parole
warrant and the revocation of his parole.  No excess time was
served, however.  The record shows that although the actual
revocation did not occur until September 1993, the total time
to be served following revocation of parole was calculated
starting from December 10, 1992, the date that the parole
warrant was executed.  Gonzalez' contention that his due
process rights were violated because a revocation hearing was
not held in a timely manner, even if proved, would not entitle
him to receive credit with respect to the sentence he is
presently serving.  The harm, if any, occurred in connection
with Case No. 88-009, not this case.  
           Gonzalez' sentence is affirmed. See Loc.R. 27.1.     
 

</body>

</html>